UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL PUCKETT, | CASE NO.   1:10-cv-00971-MJS (PC) |
| Plaintiff, | ORDER FINDING COGNIZABLE CLAIMS AGAINST DEFENDANT ARREGUIN |
| v. | (ECF No. 1) |
| OFFICER S. ARREGUIN, | |
| Defendant. | |

## SCREENING ORDER

### I.    PROCEDURAL HISTORY

On June 1, 2010, Plaintiff Durrell Puckett, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.)

Plaintiff's Complaint is now before the Court for screening.

### II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.   SUMMARY OF COMPLAINT

Plaintiff identifies Officer Arreguin as the sole Defendant in this action and alleges the following:

On September 21, 2009, Arreguin told Plaintiff that she did not like him because of the offense for which he was incarcerated and because he is Black. (Compl. at 7.)  She openly called Plaintiff a "chester, pedophile and rapist" and told Hispanic inmates that Plaintiff had molested and murdered two children. (Id. at 5.)  "She past [sic] out weapons for inmates to stab/and or kill me."  (Id.)  Arreguin offered the Hispanic inmates sexual favors, drugs, or cash in exchange for killing Plaintiff. (Id. at 5, 8.)  "Arreguin purposely pulled [Plaintiff] out of [his] cell so a inmate could attempt to spear [Plaintiff] with a blow

2

dart. As the inmate missed she laughed at [Plaintiff] and said better luck next time nigger." (Id. at 9.)

Plaintiff filed an inmate grievance complaining of Arreguin's conduct. (Id. at 6, 8.) In retaliation for filing a grievance, Arreguin refused to feed Plaintiff (id. at 7, 8) or allow him to shower (id. at 8). While denying Plaintiff access to the shower, Arreguin told Plaintiff to "stop writing [her] up . . . ." (Compl. at 8.) Some time later, when Arreguin resumed serving Plaintiff his food, she threatened to poison him. (Id. at 9.)

Plaintiff was moved to a unit not staffed by Arreguin, but she began visiting Plaintiff in the new unit, without signing in, and threatening him. (Id. at 7.) She also has repeatedly tampered with Plaintiff's legal mail. (Id. at 8.)

Plaintiff has suffered physically and emotionally from the conditions created by Defendant Arreguin's conduct and now fears for his life. (Id. at 9.) The Complaint asserts that the aforementioned conduct violated Plaintiff's First and Eighth Amendment rights, as well as his Fourteenth Amendment right to due process.

**IV.  ANALYSIS**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" <u>Id.</u> Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. <u>Id.</u> at 1949-50.

### A.   **Fourteenth Amendment**

Plaintiff alleges that his rights under the Due Process Clause of the Fourteenth Amendment were violated when the Defendant placed him in danger of being attacked by other prisoners.

The Ninth Circuit has found that:

> [t]o establish a violation of substantive due process . . . a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.  However, where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims.

<u>Patel v. Penman</u>, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by <u>Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.</u>, 546 U.S. 394 (2006); <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 842 (1998).  In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." <u>Patel</u>, 103 F.3d at 874.  Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's constitutional claims.  Plaintiff will not be given leave to amend this claim.

4

B.     **Eighth Amendment**

Plaintiff alleges that Defendant Arreguin exhibited deliberate indifference to Plaintiff's health and safety when she encouraged other prisoners to kill Plaintiff and took steps to enable them to harm him.

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

At this, the screening stage, Plaintiff's allegations must be taken as true.

Plaintiff alleges that Defendant Arreguin informed other inmates that Plaintiff was a rapist who had molested and murdered two children. Arreguin allegedly armed these inmates and encouraged them to harm Plaintiff by offering sexual favors, drugs, and cash. The Defendant later removed Plaintiff from his cell so that another inmate could try and stab Plaintiff with a blow dart. As the dart missed, the Defendant "laughed at [Plaintiff] and said better luck next time nigger." (Compl. at 9.)

Plaintiff has adequately alleged that Defendant Arreguin disregarded a substantial risk of serious harm to Plaintiff. The Ninth Circuit has held that allegations that prison officials called a prisoner a "snitch" in the presence of other inmates were sufficient to state a claim of deliberate indifference to an inmate's safety. See Valandingham v. Bojorquez,

5

866 F.2d 1135, 1139 (9th Cir. 1989). Being labeled a "pedophile," "rapist," or "child molester" is as least as dangerous in prison as being called a snitch. See, e.g., Pucket v. North Kern State Prison Employees, 2009 WL 160294, *5 (E.D. Cal. Jan. 21, 2009); Knight v. Lea, 2008 WL 942724 (E.D. Cal. Apr. 7, 2008). Defendant Arreguin allegedly identified Plaintiff as a child rapist to other prisoners, passed out weapons, made offers to entice inmates to attack Plaintiff, and ultimately staged Plaintiff for an attack. The conduct as alleged goes beyond any form of indifference to an actual intent to inflict injury. Accordingly, the Complaint states a cognizable failure to protect claim against Defendant Arreguin.

**C.   First Amendment**

1.   Retaliation

Plaintiff alleges that after he filed a grievance against Arreguin, she prevented him from eating or showering and told Plaintiff to "stop writing [her] up . . . ." (Compl. at 8.) When the Defendant resumed feeding Plaintiff, she threatened to poison his food. (Id. at 9.) "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff states a cognizable retaliation claim against Defendant Arreguin.

Plaintiff alleges that he was deprived of food and showers. He also alleges that the Defendant threatened to poison him when his food service resumed. These allegations satisfy the first element of Plaintiff's claim. Adverse action is action that "would chill a

6

person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000). An individual of ordinary firmness would be deterred from filing a grievance after enduring the conduct described. See Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) ("Adequate food is a basic human need protected by the Eighth Amendment."); see also Hoptowit, 682 F.2d at 1246 (the Eighth Amendment guarantees sanitation).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). The Complaint sufficiently links Defendant Arreguin's motives to Plaintiff's protected conduct by alleging the adverse acts followed the filing of Plaintiff's grievance and Arreguin allegedly told Plaintiff, as she was denying him a shower, to "stop writing [her] up . . . ." (Compl. at 8.)

As to the third prong of the retaliation test, filing a grievance is a protected action under the First Amendment. Valandingham, 866 F.2d at 1138.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape

7

liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Plaintiff alleges facts sufficient to satisfy the fourth prong. As mentioned above, the Eighth Amendment requires inmates have access to food and adequate sanitation. Being denied these necessities of life would discourage a person of ordinary firmness from exercising his First Amendment rights.

The fifth prong requires a prisoner to allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). This is not a high burden to reach. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Plaintiff alleges that Arreguin was not assigned to his unit, but sought him out to inflict the retaliation. The Court finds that Plaintiff has satisfied the fifth prong.

    2.    Legal Mail

Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995) (per curiam). Prison officials may intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages. See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266. Based on security concerns, officials may also prohibit correspondence between inmates. See Turner v. Safley, 482 U.S. 78, 93 (1987). Prison officials may not,

however, review outgoing legal mail for legal sufficiency before sending them to the court. See Ex Parte Hull, 312 U.S. 546, 549 (1941). Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for example, is not considered "legal mail." See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit. At least three other circuits have concluded that legal mail may not be opened outside the inmate's presence. See id. (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976), Back v. Illinois, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and Smith v. Robbins, 452 F.2d 696 (1st Cir. 1972)); see also Samonte v. Maglinti, 2007 WL 1963697 (D. Hawai'i July 3, 2007) (recognizing open question).

The Ninth Circuit has, however, held that an inadvertent opening of an inmate's legal mail constitutes mere negligence and does not rise to the level of a constitutional rights violation cognizable under section 1983. Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989). An isolated incident of mail interference or tampering usually does not support a claim under section 1983 for the violation of a constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident of mail tampering usually insufficient to state claim); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) (isolated

incident of opening legal mail without evidence of improper motive or resulting interference with access to courts or right to counsel does not support a claim); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incident of opening one piece of legal mail in error does not rise to level of constitutional violation)

Plaintiff alleges that Defendant Arreguin "continued to play with my legal mail and at times rip it up." (Compl. at 8.) The Complaint contains no other factual allegations regarding this claim. Conclusory statements alone, even when "cast in the form of a factual allegation" are insufficient to support a cognizable claim. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S.Ct. at 1951). Providing Plaintiff leave this claim would be fruitless; Plaintiff offered no supporting factual allegations and it is not evident from the face of the Complaint that he intended to advance an independent legal mail claim. Thus, Plaintiff's legal mail claim is dismissed without leave to amend.

## V. **CONCLUSION AND ORDER**

The Complaint states Eighth and First Amendment claims against Defendant Arreguin for the failure to protect and retaliation. There are no other cognizable claims.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Fourteenth Amendment due process and First Amendment legal mail claims be DISMISSED with prejudice; and

2. This action proceed on Plaintiff's Complaint, filed June 1, 2010, against

/////

/////

/////

Defendant Arreguin for the failure to protect in violation of the Eighth Amendment and for retaliation.

IT IS SO ORDERED.

Dated: April 2, 2012          /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE