UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL PUCKETT, | Case No.: 1:10-cv-0971-MJS (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT ARREGUIN'S MOTION TO DISMISS |
| v. | |
| OFFICER S. ARREGUIN, | (ECF No. 19) |
| Defendant. | CLERK SHALL CLOSE CASE |

Plaintiff Durrell Puckett ("Plaintiff") is a prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 5, 27.)

The Court screened Plaintiff's Complaint (Compl., ECF No. 1) and found that it stated cognizable First Amendment retaliation and Eighth Amendment failure to protect claims against Defendant Arreguin (ECF No. 8).

Defendant Arreguin has moved to dismiss Plaintiff's Complaint under the unenumerated provisions of Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust his administrative remedies. (Def.'s Mot., ECF No. 19.) Plaintiff filed an opposition. (Pl.'s Opp'n, ECF No. 20.)

Defendant Arreguin's motion is now ready for ruling. Local Rule 230 (*l*).

## I. LEGAL STANDARDS

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2009). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).[1] To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendant has the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones v. Bock, 549 U.S. 199, 216 (2007). A motion raising a prisoner's failure to exhaust the

---

[1] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendant's motion to dismiss.

administrative remedies is properly asserted by way of an unenumerated motion under Fed. R. Civ. P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium). In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

## II.    PLAINTIFF'S CLAIMS

Plaintiff allegations are as follows:

On September 21, 2009, Defendant Arreguin told Plaintiff that she did not like him because of the offense for which he was incarcerated and because he is Black. (Compl. at 7.) She openly called Plaintiff a "chester, pedophile and rapist" and told Hispanic inmates that Plaintiff had molested and murdered two children. (Id. at 5.) "She past [sic] out weapons for inmates to stab/and or kill me." (Id.) Defendant Arreguin offered the Hispanic inmates sexual favors, drugs, or cash in exchange for killing Plaintiff. (Id. at 5, 8.) "Arreguin purposely pulled [Plaintiff] out of [his] cell so a inmate could attempt to spear [Plaintiff] with a blow dart. As the inmate missed she laughed at [Plaintiff] and said better luck next time . . . ." (Id. at 9.)

Plaintiff filed an inmate grievance complaining of Defendant Arreguin's conduct. (Compl. at 6, 8.) In retaliation for filing a grievance, Defendant Arreguin refused to feed Plaintiff (id. at 7, 8) or allow him to shower (id. at 8). While denying Plaintiff access to the shower, Defendant Arreguin told Plaintiff to "stop writing [her] up . . . ." (Id. at 8.) Sometime later, when Defendant Arreguin resumed serving Plaintiff his food, she threatened to poison him. (Id. at 9.)

Plaintiff was moved to a unit not staffed by Defendant Arreguin, but she began visiting Plaintiff in the new unit, without signing in, and threatening him. (Compl. at 7.) She also has repeatedly tampered with Plaintiff's legal mail. (Id. at 8.)

### III. ANALYSIS

Defendant Arreguin is entitled to dismissal pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b)(6). Defendant Arreguin refers the Court to the only two grievances Plaintiff exhausted while housed at California State Prison, Corcoran, the institution where the events at issue in Plaintiff's Complaint occurred during the relevant time period. (Plaintiff had to exhaust his administrative remedies by the time this action was initiated on June 1, 2010.) Neither exhausted grievance directly relates to the claims found in Plaintiff's Complaint.

The failure to exhaust may be excused where the administrative remedies are rendered "unavailable," but Plaintiff bears the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. See Sapp v. Kimbrell, 623 F.3d 813, 822–23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939–40 (9th Cir. 2005).

Neither grievance that Plaintiff exhausted during the relevant time period was sufficient to exhaust the claims at issue in his Complaint. Plaintiff's first exhausted appeal, COR-09-3441, dealt with mail that was possibly tampered with. This issue is not relevant to the claims on which Plaintiff is proceeding. Plaintiff's second exhausted appeal, COR-09-03933, dealt with possible retaliation by Defendant Arreguin. However, the only retaliation discussed in this appeal related to an allegedly false Rules Violation Reports Defendant Arreguin had filed against Plaintiff. Plaintiff did not raise any of the retaliation claims discussed in his Complaint. This grievance could not place the prison on notice of the allegedly serious threats to Plaintiff's personal safety made by Defendant Arreguin, including threats of starvation, the use of deadly force, and unsanitary living conditions. It was insufficient for exhaustion purposes. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (a grievance is only sufficient if "it alerts the prison to the nature of the wrong for which redress is sought"). Plaintiff's exhausted grievances failed to alert the prison to any of the alleged immediate threats to his safety to which he was subject as a result of Defendant Arreguin's desire for retaliation.

Plaintiff's opposition to Defendant Arreguin's motion is only a paragraph in length and does not identify any additional appeals that relate to his underlying claims. Plaintiff does not challenge Defendant Arreguin's history of his administrative appeals. Defendant Arreguin has satisfied her burden of demonstrating that Plaintiff has failed to exhaust

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS that Defendant Arreguin's motion to dismiss (ECF No. 19) be granted and that this action be DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:   October 28, 2013              /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE